IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHADNEY DEVERICH STANBACK,       )
                                 )
        Petitioner,               )
                                 )
        v.                        )        1:16CR423
                                 )        1:19CV966
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.               )

**ORDER AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This Court (per Senior United States District Judge N. Carlton Tilley, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 210 months, as a result of his (mid-trial) guilty plea to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Docket Entry 54; see also Docket Entry 3 (Indictment); Docket Entry 15 (Plea Agt.); Docket Entry 41 (Trial Tr.); Docket Entry 42 (Trial & Plea Hrg. Tr.); Docket Entry 62 (Sent'g Hrg. Tr.).)[1] Petitioner appealed, but (on June 15, 2018) the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Stanback, 726 F. App'x 961 (4th Cir. 2018). Petitioner did not seek certiorari review by the United States Supreme Court. (See Docket Entry 72, ¶ 9(g).)

On September 19, 2019, the Clerk docketed Petitioner's motion pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"), which he

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

declared under penalty of perjury he placed in the prison mailing system on September 15, 2019.  (Id., Decl. ¶.)  The Section 2255 Motion asserts six grounds for relief:  (1) "Newly Discovered Evidence" presented to Petitioner by his attorney on August 14, 2017 (id., ¶ 12(Ground One)); (2) a violation of Brady v. Maryland, 373 U.S. 83 (1963), for failure to produce the evidence described in Ground One, as well as a photograph introduced at Petitioner's trial as Exhibit 28 (see id., ¶ 12(Ground Two)); (3) "Ineffective Assistance [of C]ounsel" for failing "to subpoena and investigate witnesses," "to object to [Exhibit 28]," to develop "possible methods for impeaching prosecution witnesses," to gather "mitigating evidence," "to object to [prosecutorial] misconduct," "to pursue" and "to obtain" photographic evidence, "to file a suppression [motion]," "to object to bias [sic] calls," "to interview [a] United States Probation Officer," and "to produce Factual Basis, Police Reports, and Photo[graphs] of alleged marked currency prior to [the] trial" (id., ¶ 12(Ground Three) (stray comma and internal quotation marks omitted)); (4) "Actual Innocence" (id., ¶ 12(Ground Four)); (5) "Prosecutor Misconduct" (id., ¶ 13); and (6) erroneous designation as a career offender under the Sentencing Guidelines (see id. at 19).

The United States has "move[d] to dismiss as untimely [the Section 2255 Motion] . . . ."  (Docket Entry 80 at 1.)  "A 1-year

2

period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year limitation period for seeking relief under Section 2255 commenced no later than on or about September 13, 2018, i.e., his deadline for seeking certiorari review in the Supreme Court, which fell 90 days after the Fourth Circuit affirmed his Judgment on June 15, 2018 (as documented above). See Clay v. United States, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13(1) & (3). The one-year limitation period expired on or about September 13, 2019, two days before Petitioner signed and placed his 2255 Motion in the prison mail on September 15, 2019 (see Docket Entry 72, Decl. ¶).

3

Petitioner did not provide an explanation for the tardiness of his Section 2255 Motion in the space allotted under the heading "Timeliness of Motion" (id., ¶ 18), but he did assert in a responsive filing that, "[f]or reasons completely beyond [his] control, it was impossible to complete [the Section ]2255 Motion timely and proper before September 13, 2019" (Docket Entry 85 at 1 (stray commas omitted)). Specifically, according to Petitioner, he "was limited to little or no tools one would need to file a proper motion" (id.), he "was not able to complete the typing, copying, and mailing of the [Section ]2255 Motion" (id. at 2), and his prison facility "was on lockdown status prior to and during the week of September 13, 2019" (id.), which "stopped [him] from buying mailing stamps, doing research, and copying his [Section] 2255 Motion" (id. (internal quotation marks omitted)).

Petitioner's contentions cannot support a request for delayed accrual of the limitations period under the plain language of Paragraphs (3) and (4) of Subsection 2255(f). To the extent Petitioner intended his explanation as an argument that Paragraph (2)'s commencement provision applies, that argument also falls short. A vague allegation of inability to access resources due to a prison lockdown of unspecified duration does not establish unconstitutional, governmental action which prevented timely filing of a motion under Section 2255. See, e.g., Martinez-Fuentez v. United States, No. 1:10CV357, 2013 WL 4778508, at *2 n.4 (E.D. Tex.

4

Sept. 4, 2013) (unpublished) ("[G]eneralized statements of alleged limited access to legal materials at the prison facility are insufficient to raise an issue of a government-created impediment [under Paragraph (2) of Subsection 2255(f)].").

Likewise, the circumstances alleged by Petitioner do not satisfy the demanding standard for equitable tolling. See generally Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) ("[R]arely will circumstances warrant equitable tolling[.]"); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent . . . ."); Fowler v. Hall, No. 1:09CV248, 2009 WL 3151869, at *3 (M.D.N.C. Sept. 24, 2009) (unpublished) (Dietrich, M.J.) ("The bar to successfully establish facts allowing equitable tolling is very high and the burden is on [the p]etitioner to present facts that allow him to clear that bar."), recommendation adopted, slip op. (M.D.N.C. Apr. 6, 2010) (Tilley, S.J.). In particular, equitable tolling requires proof of two elements: "(1) that [Petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner has not met either requirement. First, he has not shown that he pursued his rights diligently. (See Docket Entry 85 at 1-2.) Second, prison lockdowns and lack of access to filing-related materials constitute

5

ordinary conditions of confinement, not extraordinary circumstances. See, e.g., Allen v. Johnson, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (holding that "lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" warranting equitable tolling), appeal dismissed, 396 F. App'x 46 (4th Cir. 2010).[2]

In sum, the Section 2255 Motion fails as a matter of law due to its untimeliness.

---

[2] As a final matter, although proof of actual innocence may trigger an equitable, miscarriage-of-justice exception to the habeas limitation period, see McQuiggin v. Perkins, 569 U.S. 383, 386-98 (2013), "[t]o establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Petitioner has made no such showing. (See Docket Entry 72, ¶ 12(Ground Four).) To the contrary, his "actual innocence claim is facially inadequate to require consideration because [he] does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge." Moore v. United States, C/A No. 9:10-169, 2010 WL 2893815, at *3 (D.S.C. Apr. 19, 2010) (unpublished), recommendation adopted, 2010 WL 2893814 (D.S.C. July 22, 2010) (unpublished); see also Moya v. United States, Nos. 1:09CR329, 1:13CV1056, 2017 WL 1155049, at *4 (M.D.N.C. Mar. 27, 2017) (unpublished) (Schroeder, J.) ("[The p]etitioner has presented no new evidence, beyond his conclusory assertions that his guilty plea was not entered into knowingly and voluntarily, to establish that he is actually innocent of the crimes to which he pled guilty. This is insufficient, as [he] has not shown that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." (internal quotation marks omitted)); Zuniga v. Perry, No. 1:15CV35, 2015 WL 5159299, at *6 (M.D.N.C. Sept. 2, 2015) (unpublished) (Osteen, C.J.) ("[The p]etitioner has done nothing more than assert in a conclusory manner that he is actually innocent of the crimes for which he was convicted. This is insufficient to avoid or toll the limitation period." (internal citation omitted)).

6

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss (Docket Entry 80) be granted and that the Section 2255 Motion (Docket Entry 72) be dismissed without issuance of a certificate of appealability.

**IT IS ORDERED** that Petitioner's Motion Requesting Trial Documents (Docket Entry 82), Motion for Appointment of Counsel (Docket Entry 83), and Motion for Discovery (Docket Entry 84) are **DENIED AS MOOT**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 14, 2022

7

Case 1:16-cr-00423-TDS   Document 88   Filed 09/14/22   Page 7 of 7